**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ADOLFO FRANCISCO ARGUETA-HERRERA, | ) | |
| | ) | |
| Petitioner, | ) | No. 3:26-cv-01884 |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| TODD BLANCHE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

The Court hereby DENIES Petitioner's Emergency Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Habeas Relief (Doc. 3) (the "Motion").

Petitioner represents that he is a native and citizen of Guatemala currently detained at the Moshannon Valley Processing Center ("Moshannon"). Pet. (Doc. 1) ¶¶ 12, 13. On September 23, 2026, Petitioner filed both a Petition for Writ of Habeas Corpus (Doc. 1) and the Motion. Substantively, Petitioner challenges his continued detention under 8 U.S.C. § 1226 and the Due Process Clause of the Fifth Amendment. Id. ¶¶ 29-44. Petitioner highlights his lack of criminal history, family ties in the United States (including a United States citizen relative) and absence of any history of failing to appear. Id. ¶ 24.

The Motion requests that the Court (1) order Petitioner's immediate release from ICE custody; (2) issue a temporary restraining order ("TRO") and preliminary injunction prohibiting Respondents from transferring Petitioner outside the Western District of Pennsylvania or removing Petitioner from the United States; (3) issue an order to show cause directing Respondents to file a return on an expedited basis "certifying the true cause of detention"; (4) enjoin respondents from re-detaining Petitioner; (5) order immediate confidential attorney

access; and (6) grant such further relief as law and justice require. Mot. (Doc. 3) at 4. The requested relief will not be granted at this time.

The Motion seeks essentially the same substantive relief already sought in the Petition itself . Pet. at pp. 15-16. The Court promptly will consider this relief when determining the merits of the Petition on an expedited case management schedule and finds no reason to issue a TRO as well. Moreover, Petitioner has not demonstrated such immediate and irreparable injury to justify the issuance of a TRO before notice to the government or an opportunity to be heard in opposition. See Fed. R. Civ. P. R. 65(b) (authorizing TROs without notice if the facts "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"). Petitioner's transfer outside this district would not deprive this Court of jurisdiction over the Petition.[1] See Khalil v. President, United States, 164 F. 4th 259, 269–71, 273 (3d Cir. 2026) (holding that habeas jurisdiction remains with the district of the detainee's confinement at the time of filing, regardless of subsequent transfer of the detainee out of the district or amendment of the petition). Nor does it appear that Respondents

[1] Additionally, the Court has doubts as to whether it has jurisdiction to enjoin Respondents from transferring Petitioner to another detention facility. See 8 U.S.C. § 1252(a)(2)(B)(ii) ("Notwithstanding any other provision of law . . . , including section 2241 of title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to review . . . any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ."); 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); Sinclair v. Attorney Gen. of the U.S., 198 F. App'x 218, 222 n.3 (3d. Cir. 2006) (interpreting Section 1231(g)(1) to mean "the place of detention is left to the discretion of the Attorney General"); Calla-Collado v. Attorney Gen. of the U.S., 663 F.3d 680, 685 (3d Cir. 2011) ("ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings . . . and therefore, *to transfer* aliens from one detention center to another.'" (italics added)).

could immediately remove Petitioner, given the posture of his removal proceedings.[2] Finally, Petitioner's request for immediate release goes beyond the "limited nature of a [TRO]" and instead requests "mandatory, affirmative relief[,]" which may not be afforded via a TRO. Hope v. Warden York Cnty Prison, 956 F.3d 156, 162 (3d Cir. 2020).

IT IS SO ORDERED.[3]

September 25, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):
All Counsel of Record

---

[2] At the time of his filing, the Executive Office for Immigration Review's case status page (accessible at https://acis.eoir.justice.gov/en/) reflects that Petitioner has an upcoming Master hearing on September 30, 2026, and presents no indication that a final order of removal has been issued.

[3] To the extent Petitioner seeks a Preliminary Injunction and resolution of the Petition, those matters remain pending before this Court. The Court promptly will consider this relief when determining the merits of the Petition on an expedited case management schedule.